UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE YONI ALDANA HERNANDEZ,<br><br>   Plaintiff,<br>v.<br><br>C.R. LAURENCE, CO., INC. *et al.*,<br><br>   Defendants. | Case No.:  CV 24-3904-CBM-(MARx)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO REMAND  [11]  [JS-6]** |

The matter before the Court is Plaintiff's Motion to Remand.  (Dkt. No. 11 (the "Motion").)

## I.    BACKGROUND

On November 27, 2023, Plaintiff Jose Yoni Aldama Hernandez filed a complaint against Defendants in state court (*Hernandez v. C.R. Laurence Co., Inc. et al.*, Los Angeles Superior Court Case No. 23STCV28933), asserting the following eleven causes of action:  (1) discrimination, including discriminatory discharge, based on actual or perceived disabilities in violation of the California Fair Employment and Housing Act ("FEHA"); (2) failure to engage under FEHA; (3) failure to accommodate under FEHA; (4) discrimination, including discriminatory discharge, based on national origin and immigration status under FEHA; (5) discrimination, including discriminatory discharge, based on religious

1

creed under FEHA; (6) discrimination, including discriminatory discharge, based on age under FEHA; (7) retaliation, including retaliatory discharge based on actual or perceived participation in protected activities under FEHA; (8) harassment and/or hostile work environment under FEHA; (9) failure to prevent discrimination, harassment and retaliation under FEHA and 2 C.C.R. § 11023; (10) aiding, abetting, and/or inciting violations of FEHA; and (11) retaliatory unfair immigration-related practices under Cal. Lab. Code § 1019.  (Dkt. No. 1-1.) On May 9, 2024, Defendant Henry Monroy timely removed the action based on federal question jurisdiction.  (Dkt. No. 1.)  On June 7, 2024, Plaintiff timely filed the instant Motion to Remand pursuant to  28 U.S.C. § 1447(c).  (Dkt. No. 11.)

## II.   STATEMENT OF THE LAW

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint."  *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (citing *Caterpillar*, 482 U.S. at 392).  However, complete preemption is "an exception to the well-pleaded complaint rule."  *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2020) (citing *City of Oakland*, 969 F.3d at 905). Moreover, an exception to the well-pleaded complaint rule exists for a small category of state law claims which "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities" (hereinafter, the "*Grable* doctrine").  *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also City of Oakland*,

969 F.3d at 904. There is a "strong presumption against removal jurisdiction," and "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant bears the burden of establishing that removal is proper. *Hunter*, 582 F.3d at 1042. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. DISCUSSION

**A. Removal**

Plaintiff's eleven causes of action are employment related claims brought under California state law. However, Defendant Monroy removed this action based on references in the Complaint to 8 U.S.C. § 1324a(b) with respect to Plaintiff's eleventh cause of action for retaliatory unfair immigration-related practices under California Labor Code § 1019 on the grounds the Complaint raises "at least" the following two federal questions: (1) whether the alleged conduct "coincides" with "unfair immigration-related practices" as defined by 8 U.S.C. § 1324a(b) and pled by Plaintiff; and (2) whether the alleged reverification and reinvestigation of employee work authorization was unlawful under 8 U.S.C. § 1324a(b).

8 U.S.C. § 1324a(b) provides "a person or other entity hiring, recruiting, or referring an individual for employment in the United States . . . must attest, under penalty of perjury and on a form designated or established by the Attorney General by regulation, that it has verified that the individual is not an unauthorized alien by examining" (1) an individual's United States passport, resident alien card, alien registration card, or other document designated by the Attorney General containing a photograph of the individual and other "personal identifying

3

information relating to the individual"; or (2) an individual's (a) social security account number card or "other documentation evidencing authorization of employment in the United States" and (b) a driver's license or similar document issued for the purpose of identification by a State containing a photograph of the individual or other personal identifying information relating to the individual, or "documentation of personal identity" in the case of individuals under 16 years of age.

Under California Labor Code § 1019, "[i]t is unlawful for an employer or any other person or entity to engage in, or to direct another person or entity to engage in, unfair immigration-related practices against any person for the purpose of, or with the intent of, retaliating against any person for exercising any right protected under this code or by any local ordinance applicable to employees." Cal. Lab. Code § 1019. "Unfair immigration-related practices" for purposes of California Labor Code § 1019 is defined as: "(A) Requesting more or different documents than are required under Section 1324a(b) of Title 8 of the United States Code, or a refusal to honor documents tendered pursuant to that section that on their face reasonably appear to be genuine"; "(B) Using the federal E-Verify system to check the employment authorization status of a person at a time or in a manner not required under Section 1324a(b) of Title 8 of the United States Code, or not authorized under any memorandum of understanding governing the use of the federal E-Verify system"; or "(C) Threatening to file or the filing of a false police report, or a false report or complaint with any state or federal agency." Cal. Lab. Code § 1019(b)(1). Moreover, under California Labor Code § 1019.1, "[i]t is unlawful for an employer, in the course of satisfying the requirements of Section 1324a(b) of Title 8 of the United States Code, to . . . (1) Request more or different documents than are required under Section 1324a(b) of Title 8 of the United States Code"; "(2) Refuse to honor documents tendered that on their face reasonably appear to be genuine"; "(3) Refuse to honor documents or work authorization

based upon the specific status or term of status that accompanies the authorization to work"; or "(4) Attempt to reinvestigate or reverify an incumbent employee's authorization to work using an unfair immigration-related practice." Cal. Lab. Code § 1019.1.

Plaintiff's California Labor Code § 1019 claim is based on Defendants' alleged unfair immigration practices of requesting Plaintiff to reverify and reinvestigate his work authorization "at a time or in a manner not require by 8 U.S.C. § 1324a(b)" and disregarding Plaintiff's verification documents that had already been accepted and were on file, in retaliation for Plaintiff's alleged protected activity. (Compl. ¶ 135.) The issue of requesting more or different documents than required under 8 U.S.C. § 1324a(b) or checking an individual's employment authorization status at a time not required under 8 U.S.C. § 1324(a) in retaliation for an employee engaging in activity protected under California law does not "raise[] substantial questions as to the interpretation or validity of a federal statute" nor "challenge[] the functioning of a federal agency or program," and is "fact-bound and situation-specific." *See City of Oakland*, 969 F.3d at 904; *see also Grable*, 545 U.S. at 314. Therefore, Plaintiff's Complaint does not necessarily raise a substantial federal issue demonstrating Plaintiff's state claims arise under federal law for purposes of 28 U.S.C. § 1331. *See City of Oakland*, 969 F.3d at 904; *Gaus*, 980 F.2d at 566; *Hunter*, 582 F.3d at 1042.

To the extent Defendant Monroy contends removal was proper based on preemption, 8 U.S.C. § 1324a is not a complete preemption statute because the scope of 8 U.S.C. § 1324a is not so broad as to entirely preempt any state law claim. Nor does 8 U.S.C. § 1324a preempted Plaintiff's California Labor Code § 1019 claim because it does not provide a substitute cause of action for a retaliation claim by an individual under California Labor Code § 1019. Therefore, complete preemption under 8 U.S.C. § 1324a cannot be a basis for federal subject matter jurisdiction over Plaintiff's state law claims. *See Saldana*, 27 F.4th at 686; *Salas*

5

*v. Sierra Chem. Co.*, 59 Cal. 4th 407, 421, 416–17 (2014).

Accordingly, Defendant Monroy's removal of this action based on 8 U.S.C. § 1324a was improper. *See Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists.").

**B.     Fees and Costs**

Plaintiff requests an award for fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). However, California Labor Code § 1019 makes specific reference to a federal statute (8 U.S.C. § 1324a), and the parties do not cite any decisions regarding remand of a case asserting a claim under California Labor Code § 1019 based on lack of federal question jurisdiction. The Court thus finds an award of fees and costs is not warranted under 28 U.S.C. § 1447(c). *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

### IV.  CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand and remands this action to state court. The Court **DENIES** Plaintiff's request for fees and costs incurred as result of the removal.

**IT IS SO ORDERED.**

DATED: July 5, 2024.

HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE